**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE:                                     : | |
| **John Michael Smilo,** | |
| **Traci Lynn Smilo,**                  : | Case No.  17-53776 |
| | Chapter 13 |
| Debtors.                                  : | Judge Preston |

**AMENDED MOTION OF DEBTORS' TO AVOID AND STRIP THE UNSECURED
JUDGMENT LIEN OF THE UNITED STATES OF AMERICA (pl #12)**

Now come Debtors, John and Traci Smilo, by and through counsel, and respectfully request this Court issue an Order to avoid and strip the judgment lien of the United States of America, (hereinafter "the U.S.A."), in the amount of Seventy-One Thousand Eight Hundred Sixty-One and 49/100ths Dollars ($71,861.49), pursuant to 11 U.S.C. §506(a).  Debtors seek a determination that the claim is a general, unsecured claim, pursuant to 11 U.S.C. §506(a), and that the lien be released and cancelled of record. Debtors make this request on the basis that secured first and second mortgage liens and various prior tax liens on the subject real estate exceed the value of that property and there is no equity to secure the U.S.A.'s judgment lien, as more fully set forth in the Memorandum in Support, below.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
720 Market Street
Zanesville, Ohio  43701
Telephone:  (740) 452-8439
Facsimile:  (740) 450-8499
mail@ZellarLaw.com
Counsel for Debtors

**MEMORANDUM IN SUPPORT**

Debtors, John and Traci Smilo (hereinafter "Debtors"), filed for relief under Chapter 13 on June 14, 2017.  The Chapter 13 Plan has not yet been confirmed.  The Debtors' first statutory Plan payment has not yet been made, and is not due until thirty (30) days from the date of entry of the Order for Relief.

Debtors own the residential real estate located at 636 Ridgewood Drive, Coshocton, Ohio, described in the deed attached and marked Exhibit "A". The Debtors' real estate has a fair market value of One Hundred Thirty-One Thousand Seven Hundred Five and 00/100ths Dollars ($131,705.00) based on the appraisal submitted by the Debtors on June 19, 2017, which was served on all secured creditors pursuant to Local Bankruptcy Rule 3012-1(d)(2). The U.S.A. has not yet filed an objection to confirmation of the Debtors' proposed Chapter 13 Plan, nor contested the proposed valuation of the real estate. Pursuant to the pertinent provisions of 11 U.S.C. §506(a), 11 U.S.C. §506(d), 11 U.S.C. §1322(b)(2) and in accordance with 11 U.S.C. §1327(a) as made applicable in this case by 11 U.S.C. §1325(a)(5), the U.S.A. is not the holder of a secured claim as that term is defined in the United States Bankruptcy Code.

On September 3, 1997, Debtors executed a note and mortgage, in favor of Star Bank, N.A. (subsequently assigned to Specialized Loan Servicing), for a first mortgage on the residence. Debtors owe Specialized Loan Servicing the sum of $102,000.00 on the first mortgage. On January 11, 2000, Debtors executed a note and mortgage, in favor of The Home Loan Savings Bank, for a second mortgage on the residence. Debtors owe The Home Loan Savings Bank the sum of $3,200.00 on the second mortgage. The Ohio Department of Taxation filed a judgment lien for unpaid taxes due in the amount of $2,787.21 on February 16, 2011 and a judgment lien for unpaid taxes due in the amount of $3,999.22 on December 11, 2012. The Internal Revenue Service filed a Notice of Federal Tax Lien in the amount of $110,424.95 on April 4, 2011. Subsequently, the U.S.A. filed a judgment lien on a student loan debt, acquired from the Pennsylvania Higher Education Assistance Agency, on April 26, 2013, found in Book 607, Page 57 of the Coshocton County Official Records, in the amount of $71,861.49 against Debtor John Smilo. The Pennsylvania Higher Education Assistance Agency assigned the original judgment to the U.S.A. on February 23, 1999. The original judgment issued by Coshocton County Common Pleas Court, Case No. 98CI455 is attached as Exhibit "B." A copy of the Assignment of Judgment to the U.S.A. is attached as Exhibit "C." A copy of the Abstract of Judgment recorded with the Coshocton County Recorder is attached as Exhibit "D."

The amount due on the first and second mortgage liens, prior state judgment liens for unpaid taxes and prior federal tax liens, exceed the value of the subject real estate. There is, therefore, insufficient equity in the subject real estate to secure the USA's judgment lien. The judgment lien of the United States of America should be deemed to be wholly unsecured pursuant to 11 U.S.C. §506(a).

WHEREFORE, your Debtors respectfully request that:

i. This court issue an Order deeming the Judgment Lien of the United States of America, in the amount of Seventy-One Thousand Eight Hundred Sixty-One and 49/100ths Dollars ($71,861.49), recorded in the Coshocton County Official Records on April 26, 2013 in Book 607, Page 57 to be wholly unsecured;

ii. This Court issue an order avoiding the judgment lien of the United States of America, and finding it to be wholly unsecured, pursuant to 11 U.S.C. §506 (a);

iii. Said lien be released and cancelled by the Coshocton County Recorder upon receipt of a certified copy of the Order on this Motion; and

iv. For such other relief as this Court deems appropriate in this matter.

Respectfully submitted,

/s/ Crystal I. Zellar
Crystal I. Zellar (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtors

## NOTICE AND CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Amended Motion of Debtor's to Avoid and Strip Unsecured Judgment Lien of the United States of America** was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on **June 30, 2017** addressed to:

John & Traci Smilo
636 Ridgewood Dr
Coshocton  OH  43812

United States of America
c/o US Attorney
Financial Litigation Unit
303 Marconi Blvd  #200
Columbus  OH  43215

US Attorney General
Main Justice Bldg  Room 5111
10th & Constitution Ave NW
Washington  DC  20530

*as and for NOTICE* that the attached request for relief would be filed.  The undersigned will present to the Court a proposed order granting the relief sought, unless, within twenty-one (21) days after this date, a written memorandum in opposition along with a request for hearing is filed with the Court and served on the undersigned.

  /s/ Crystal I. Zellar
Crystal I. Zellar  (#0038785)
Shelley E. Hibburt (#0091736)
**Zellar & Zellar, Attorneys at Law, Inc.**
Counsel for Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE:                                                    :

**John Michael Smilo,**

**Traci Lynn Smilo,**                          :         Case No.  17-53776

                                                          Chapter 13

Debtors.                                :         Judge Preston

**NOTICE OF FILING OF AMENDED MOTION OF DEBTOR'S TO AVOID AND STRIP THE
UNSECURED JDUGMENT LIEN OF THE UNITED STATES OF AMERICA**

The Debtor has filed papers with the Court to avoid and strip an unsecured judgment lien.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the motion/objection, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by ordinary U.S. Mail to:  US Bankruptcy Court, Clerk's Office, 170 North High Street, Columbus, Ohio 43215, OR, your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) ordinary U.S. Mail to:

    US Trustee - ustpregion09.cb.ecf@usdoj.gov
    Chapter 13 Trustee - trustee@ch13.org
    Crystal I. Zellar, Esq. and Shelley E. Hibburt, Esq., mail@zellarlaw.com
    John & Traci Smilo, 636 Ridgewood Dr, Coshocton  OH  43812

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Date:  June 30, 2017

    /s/  Crystal I. Zellar
    Crystal I. Zellar (#0038785)
    Shelley E. Hibburt (#0091736)
    **Zellar & Zellar, Attorneys at Law, Inc.**
    720 Market Street
    Zanesville, Ohio  43701
    Telephone:  (740) 452-8439
    Facsimile:  (740) 450-8499
    mail@ZellarLaw.com
    Counsel for Debtors

Instrument
9700004598

## SURVIVORSHIP DEED

(See Section 5302.17 Ohio Revised Code)

**DAVID N. OWEN** and **DONNA M. OWEN, husband and wife,** of Coshocton County, Ohio, for valuable consideration paid, grants with general warranty covenants, to **JOHN M. SMILO** and **TRACI L. SMILO**, Husband and Wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is: Box 342, Punxsutawney, PA the following **REAL PROPERTY**:

636 Ridgewood Drive, Coshocton, OH 43812

Situated in the City of Coshocton, County of Coshocton and State of Ohio and bounded and described as follows:

Being known as Lot #4306 in the Second Sutco Heights Subdivision, as the same is marked and delineated on the recorded plat thereof in Volume 3, Page 22B, Coshocton County Plat Records.

In order to provide a uniform plan for development of said Second Sutco Heights Subdivision, and as part of the consideration for this conveyance and in consideration of the incorporation for this conveyance and in consideration of the incorporation of like covenants in any and all conveyances of other lots in said subdivision, the grantees herein, for their heirs, executors, administrators and assigns, hereby covenant and agree to and with the said grantor, its successors and assigns, for the use and benefit of every person who shall or may become the owner of or have title derived immediately or remotely from, through or under said grantor, its successors and assigns, to any lot or parcel of land situated in said subdivision, as follows:

   1.   Each lot or partlot in said subdivision shall be used exclusively for residence purposes and for no other purposes whatsoever.

   2.   There shall not be erected, placed or suffered to remain on any lot is said subdivision, any building or structure whatever other than on private dwelling house, designed and intended for the occupancy of one family only with garage and/or other outbuildings appurtenant thereto, excepting, however, and provided that nothing in this restriction or in any of the other restrictions and conditions contained herein shall be construed in any manner as to prevent or prohibit the grantors herein, Thomas J. Sutton and Sharon V. Sutton, from constructing multiple residence structures on any of the lots in said subdivision and either retain or conveying the same.

   3.   No building, fence or other structure shall be commenced, erected or maintained, nor shall any addition to or change alteration therein, be made unto the plans and specifications showing the nature, kind, shape, height, material, floor plans, location, approximate cost of such structure, and the grading plan of the lot to be built upon shall have been submitted to and approved in writing by the grantors herein, Thomas J. Sutton and Sharon V. Sutton. A copy of such plans as finally approved shall be filed permanently with said grantors. The grantors shall have the right to refuse to approve such plans or specifications or grading

VOL 125 PAGE 731

FITZPATRICK,
ZIMMERMAN & ROSE,
CO., L.P.A.
ATTORNEYS AT LAW
140 FAIR AVE., N.W.
P.O. BOX 1040
NEW PHILADELPHIA, OHIO
44663

plans which are not suitable or desirable in its opinion for aesthetic or other reasons, and in so passing upon such plans, specifications and grading plan, it shall have the right to take into consideration the suitability of the proposed building or other structure and of the materials of which it is to be built, the site upon which it is proposed to erect the same, the size thereof, the harmony thereof with the other surroundings and the effect to the building on other structures as planned on the outlook from the adjacent or neighboring property. The restrictions under this paragraph (3) shall not be effective after January 1, 1985.

4. No building or other improvement shall be moved from any other location and placed in or upon any lot, or part thereof, in said subdivision.

5. No dwelling house or garage erected on any lot in said subdivision shall be constructed of concrete block, cinder block, or other common building title above the level of the first floor. This restriction does not preclude the use of brick or building stone in various forms.

6. No lot in said subdivision shall be used in any manner whatsoever for the storing of wrecked, junked or permanently disabled vehicles or any other wrecked or junked chattels, or for storing or maintaining anything on said premises that would tend to make the same unsightly.

7. No basement shall be erected, covered and used as a residence on any lot in said subdivision; and any basement constructed on any lot shall be adequately sealed, and the earth and fill adjacent to the exterior of the basement shall be properly tiled and drained. The setback requirements for front, rear and side yards as now or hereafter prescribed and required by the zoning laws and regulations of the City of Coshocton, Ohio, shall apply to and govern the use of all of the lots in said subdivision.

8. No outsale shall be made from any lot as platted in said subdivision, the size or dimension of which outsale shall cause the remaining part of the lot to be in violation of paragraph (7) hereof. No outsale shall be made from any lot as platted in said subdivision, the size and dimension of which shall reduce any one owner's frontage to less than seventy-five (75) feet.

9. The burning of coal anywhere on any of the lots as platted in said subdivision is prohibited.

10. No trailer shall be placed or allowed to remain upon any lot in said subdivision for residence purposes or any other purposes except for temporary parking therof.

11. A minimum of two shade trees shall be planted and maintained on the front of each lot as platted in said subdivision.

12. No barn or stable and/or billboard sign or other advertising service of any kind other than a "for sale" or "for rent" sign shall be erected, placed or suffered to remain on any lot as platted in said subdivision; and no ponies, horses, farm livestock, fowl or dog kennel shall be placed or allowed to remain upon any lot, or part thereof, as platted in said subdivision.

VOL 125 PAGE 732

FITZPATRICK,
ZIMMERMAN & ROSE,
CO., L.P.A.
ATTORNEYS AT LAW
140 FAIR AVE., N.W.
P.O. BOX 1040
NEW PHILADELPHIA, OHIO
44663

13. None of the lots as platted in said subdivision shall be used for any purpose or in any way which may endanger the health or unreasonably disturb the quiet of any occupant of adjacent or neighboring premises.

14. The several covenants and agreements hereinbefore contained in paragraphs numbered 1 to 13, inclusive shall run with the land hereby conveyed and shall be binding upon the grantees, heirs, executors, administrators, and assigns, until the 1st day of January 2045; and the enforcement of these covenants and agreements may be made by any owner of any lot or partlot in said subdivision.

Parcel #:  043-00006175-00

Subject to any easements, leases, restrictions and rights of way of record.

Taxes shall be prorated to date of closing.

**Prior Instrument Reference:** Volume 71, Page 251 of the Coshocton County Official Records.

WITNESS our hands this 31st day of July, 1997.

```
9700004998
Filed for Record in
COSHOCTON COUNTY, OHIO
SANDRA CORDER
On 09-04-1997 At 01:21 pm.
SV/DD                  18.00
Vol.   125 Pg.   731 - 733
```

Signed and acknowledged
in the presence of:

_Carol Hardesty_

_Sherry Horn_

_David N. Owen_
**DAVID N. OWEN**

_Donna M. Owen_
**DONNA M. OWEN**

**STATE OF OHIO, COSHOCTON COUNTY, SS:**

**BE IT REMEMBERED** that on this 31st day of July, 1997, before me the subscriber, a notary public, in and for said state, personally came, DAVID N. OWEN AND DONNA M. OWEN, Husband and Wife, the Grantors in the foregoing deed, and acknowledged the signing thereof to be their voluntary act and deed.

**IN TESTIMONY WHEREOF,** I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

_Carol Hardesty_
**Notary Public**

(seal)  CAROL E. HARDESTY
Notary Public, State of Ohio
My Commission Expires July 2, 2001

This instrument prepared by Attorney T. Greg Miller, Premier Land Title Co.
CONVEYANCE EXAMINED                    Coshocton, Ohio 43812
SEC. 319.202 COMPLIED WITH

SEP 4 1997

_Richard J. Tompkins_
AUDITOR, COSHOCTON COUNTY, OH
BY _T. Chaney_

Description Approved
Frederick T. Wachtel
Coshocton County Engineer

Approved By: _E. Denner_  Date: JUL 2 1997

FITZPATRICK,
ZIMMERMAN & ROSE,
CO., L.P.A.
ATTORNEYS AT LAW
140 FAIR AVE., N.W.
PO BOX 1040
NEW PHILADELPHIA, OHIO
44663

VOL 125 PAGE 733

EXHIBIT B

WWR#1516370

JAN 27 1999

IN THE COSHOCTON COUNTY COMMON PLEAS COURT
COSHOCTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| Pennsylvania Higher Education, Assistance Agency | * | CASE NO 98CI455 |
| Plaintiff, | * | JUDGE: _____ |
| vs. | * | |
| John M. Smilo, | * | **DEFAULT JUDGMENT ENTRY** |
| Defendant. | * | |

99 JAN 25 PM 3:22  FILED

This cause came on for hearing upon the Complaint and subsequent Motion for Default Judgment of the Plaintiff.

The Defendant, John M. Smilo, having failed to enter an appearance although duly served with process according to law, the Court being fully advised in the premises, hereby renders Judgment in favor of the Plaintiff and against the Defendant, John M. Smilo, in the principal sum of $60,696.51 together with accrued interest of $11,164.98 through January 19, 1999, plus interest thereafter on the principal balance at the rate of an annual percentage rate which is equal to a variable rate which is calculated by the Secretary for each calendar quarter and computed by determining the average of the bind equivalent rates for the 91 day U.S. Treasury Bills auctioned during the preceding quarter, plus 3.5% for loans disbursed prior to October 22, 1985, and 3%

WEINBERG & REIS
Co., L.P.A.
THIRD STREET, SUITE 900
[US], OHIO 43215-5173

(614) 225-7272
(614) 222-2181
(614) 223-2193
(614) 223-2166
(614) 233-6827

GOVERNMENT
EXHIBIT
A

for loans disbursed subsequent to that date, rounding this figure to the nearest 1/8th of 1 percent all as per said promissory note plus the cost of this action.

IT IS SO ORDERED.

1/25/99

_____
JUDGE

APPROVED BY:
WELTMAN, WEINBERG & REIS, CO., L.P.A.

_____
ALLEN J. REIS 0015125
ATTORNEY FOR PLAINTIFF
175 S. THIRD STREET SUITE 900
COLUMBUS, OHIO 43215
PHONE: 614/228-7272
FAX: 614/222-2181

This office is attempting to collect this debt for our client, and any information obtained will be used for that purpose.

TMAN, WEINBERG & REIS
——— Co., L.P.A. ———
OUTH THIRD STREET, SUITE 900
COLUMBUS, OHIO 43215-5177

(614) 228-7272
FAX (614) 222-2181
FAX (614) 222-2193
FAX (614) 222-2166
FAX (614) 233-6827

I HEREBY CERTIFY THAT THIS IS A
TRUE COPY OF THE ORIGINAL
DOCUMENT NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF THE
COMMON PLEAS COURT OF COSHOCTON
COUNTY, STATE OF OHIO, THIS _2nd_
DAY OF _Feb._, 19 _99_

_____
CLERK OF COURTS, COSHOCTON COUNTY
_____ DEPUTY

EXHIBIT C

## ASSIGNMENT OF JUDGMENT

I, Jason L. Swartley, representing the Pennsylvania Higher Education Assistance Agency (assignor), 1200 North Seventh Street, City of Harrisburg, Commonwealth of Pennsylvania, in consideration of the sum of $71,861.49, receipt of which is acknowledged, paid to the Pennsylvania Higher Education Assistance Agency by the United States of America, the assignee, hereby assign to assignee the Judgment recovered by assignor on January 25, 1999, docketed in the Common Pleas Court of Coshocton County, Ohio, against **JOHN M. SMILO**, Case No. 98-C1455, for $60,696.51 in principal, plus $11,164.98 in interest.

Assignor authorizes the United States of America to ask, demand, and receive, and to sue out executions and take all lawful ways for the recovery of the money due or to become due to this Judgment.

Assignor has not done and will not do anything to hinder or prevent the United States of America from enforcing the Judgment.

I have executed this assignment at PHEAA, 1200 North Seventh Street, Harrisburg, Pennsylvania 17102 this 23rd day of February, 1999.

Jason L. Swartley
Staff Counsel

GOVERNMENT EXHIBIT

# ABSTRACT OF JUDGMENT

**NOTICE**

Instrument
201300001800

201300001800
UNITED STATES ATTORNEYS OFFICE
SOUTHERN DISTRICT OF OHIO
303 MARCONI BLVD STE 200

**EXHIBIT D**

Pursuant to Title 28, United States Code, Section 3201, this judgment, upon the filing of this abstract in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of 26 U.S.C. § 6323(f), creates a lien on all real property of the defendants(s) and has priority over all other liens or encumbrances which are perfected later in time. The lien created by this section is effective, unless satisfied, for a period of 20 years and may be renewed by filing a notice of renewal. If such notice of renewal is filed before the expiration of the 20 year period to prevent the expiration of the lien and the court approves the renewal, the lien shall relate back to the date the judgment is filed.

VOL 0607 PAGE 057

| Names and Addresses of Parties against whom judgments have been obtained | Names of Parties in whose favor judgments have been obtained |
|---|---|
| John Smilo, DPM<br>XXX-XX-2861<br>636 Ridgewood Dr.<br>Coshocton, OH 43812 | UNITED STATES OF AMERICA |

| Amount of Judgment | Names of Creditors' Attorneys | Date Judgment Filed |
|---|---|---|
| $71,861.49 (60696.51 principal & 11,164.98 interest) plus additional interest until paid in full at the Treasury bill rate. | UNITED STATES ATTORNEY<br>FINANCIAL LITIGATION<br>303 MARCONI BOULEVARD<br>SUITE 200<br>COLUMBUS, OHIO 43215 | Civil Action:<br>2:12-MC-036<br><br>October 3, 2012 |

UNITED STATES OF AMERICA, CLERK'S OFFICE     U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

I CERTIFY, That the foregoing is a correct Abstract of the Judgment entered or registered by this Court.

Date: March 6, 2013

JOHN P. HEHMAN, Clerk

By: _____ Deputy Clerk

201300001800
Filed for Record in
COSHOCTON COUNTY, OHIO
SUSAN J TURNER RECORDER
04-26-2013 At 09:38 am.
ABSTR/JUDGE         5.00
OR Book    607 Page  57 - 57

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                         :   CASE NO: 2:12-MC-036

                            :   MAGISTRATE JUDGE KING

JOHN M. SMILO,

    Defendant.

## CERTIFICATE OF MAILING

This is to certify that a copy of the Notice of Registration of Judgment was mailed on the 16th day of October, 2012, to John M. Smilo, DPM, 636 Ridgewood Drive, Coshocton, Ohio 43812 by first class postage paid mail.

                                              Respectfully submitted,

                                              CARTER M. STEWART
                                              United States Attorney

                                              s/Bethany J. Hamilton
                                              BETHANY J. HAMILTON (0075139)
                                              Assistant United States Attorney
                                              Attorney for Plaintiff
                                              303 Marconi Boulevard
                                              Suite 200
                                              Columbus, Ohio 43215
                                              (614) 469-5715
                                              Fax: (614) 469-5240
                                              Bethany.Hamilton @usdoj.gov



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Ohio*

---

303 Marconi Boulevard, Suite 200          614/469-5715
Columbus, Ohio 43215-2401                 FAX 614/469-5240

October 16, 2012

John Smilo, DPM
636 Ridgewood Dr.
Coshocton, OH 43812

RE:   U.S.A. vs. John Smilo, DPM
      Civil Case No: 2:12-MC-036

Dear Dr. Smilo, DPM:

   Enclosed please find a copy of the judgment we registered against you in the U.S. District Court. Steps have been taken to place a lien in the county of your residence against any property you now own or may acquire in the future.

   **DEMAND IS HEREBY MADE UPON YOU TO PAY THE OUTSTANDING BALANCE OF THIS JUDGMENT DEBT.**

   Payment must be made in full within the next thirty (30) days. If you are unable to pay the entire amount owed within thirty (30) days, please complete the enclosed financial statement and return it to our office in the envelope provided. If after reviewing the financial statement our office determines that you cannot pay the debt in full immediately, we will accept installment payments. However, it is the policy of this office that all debts should be repaid within a three (3) year time period. Please remember that this debt will continue to accrue interest until fully repaid.

   Failure to take immediate action to satisfy this debt will lead to the initiation of further legal proceedings which could include the garnishment of your wages.

   Your cooperation is appreciated.

                              Very truly yours,

                              CARTER M. STEWART
                              UNITED STATES ATTORNEY

                              Cloteal Turner
                              Legal Technician
                              Financial Litigation Unit

Enclosures
cjt